JEFFREY R. MacDONALD, Captain, U. S. Army, Petitioner

v

EDWARD M. FLANAGAN, Major General, Commanding General, John F. Kennedy Center for Military Assistance, Fort Bragg, North Carolina; and WILLIAM deF. THOMPSON, Captain, Fort Bragg, North Carolina, Respondents

19 USCMA 585, 42 CMR 187

Miscellaneous Docket

No. 70–49

July 28, 1970

*Bernard L. Segal, Esquire,* and *Dennis H. Eisman, Esquire,* counsel for Petitioner.

## Memorandum Opinion of the Court

Petitioner has filed a Petition for Writ of Injunction and Temporary Restraining Order, seeking, in effect, to disqualify one Captain William deF. Thompson as assistant trial counsel of a general court-martial to which, it is contemplated, charges against petitioner will be referred for trial.

The petition avers that Captain Thompson, with the consent of petitioner, accepted an invitation of the appointed military defense counsel, Captain James F. Douthat, to assist him in the preparation of petitioner's case, and thereafter "continued to act for the defense by actively procuring information and counseling with CPT Douthat." A formal written request for the appointment of Captain Thompson as assistant defense counsel was denied by the convening authority on the basis of unavailability, for he "was made available to the government as assistant counsel." Upon submission of an appeal from this decision, pursuant to paragraph 48*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), the ruling was sustained.

Petitioner now declares that the possibility of harm to him resulting from the conflict of interest under which Captain Thompson labors is so great that extraordinary relief in the form of an order enjoining respondents from permitting his participation in the prosecution of this case should be granted.

Submitted with the petition is an affidavit of said Captain Thompson. Rather than support the allegations thereof, the affidavit sharply contradicts the assertions that Thompson participated in any way in the defense or was privy to the plans either of petitioner or of his counsel.

We need not determine the extent of the contradiction presented, nor resolve the conflict in the assertions before us. Although a conflict of interest of the type alleged in the petition may never be lightly regarded, it is evident from the petition itself that Captain Thompson's association, if any, with the defense has terminated, and whether he has undertaken any activity on behalf of the prosecution is not at all clear. If the charges pending against petitioner are referred to a general court-martial, the Military Judge may resolve the factual dispute and determine the propriety of Captain Thompson's continuance as a member of the prosecution. In the event Captain Thompson is not appointed a member of the prosecution in the orders appointing the general court-martial, the Military Judge may, nonetheless, determine whether any conflict of interest existed at any time in this case, and, if so, the effect thereof upon the substantial rights of the accused.

The petition is denied.

Judge Darden would dismiss the petition. See his separate opinion in Collier v United States, 19 USCMA 511, 42 CMR 113 (1970).